IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **JOHNNIE FELTON,**<br><br>                    **Plaintiff,**<br><br>-against-<br><br>**PLUG POWER, INC.**<br><br>                    **Defendant.** | **Case No.** 1:23-cv-887 (DNH/CFH)<br><br>**Jury Trial Demanded** |

## COMPLAINT

Johnnie Felton ("Plaintiff" or "Mr. Felton") by and through his attorneys Kessler Matura P.C., complaining of Plug Power, Inc. ("Defendant" or "Plug Power") alleges as follows:

## INTRODUCTION

1. Plug Power is a corporation engaged in the development of hydrogen fuel cells used to power electric motors and equipment.

2. From August 2019 through July 2021, Mr. Felton worked as a Warehouse Associate and then as Warehouse Supervisor for Plug Power.

3. Throughout his employment, Plug Power and its employees subjected Mr. Felton to constant discrimination because he is a Black man.

4. For example, Mr. Felton was subjected to frequent racial slurs, demeaning and dehumanizing racist language, and comments perpetrating racist tropes about Black Americans.

5. Mr. Felton objected to the racist behavior and complained to supervisory employees and human resources, but this did nothing to stop the discriminatory behavior or even effect the employment status of other Plug Power employees.

6. Instead, Plug Power protected and condoned the racist behavior and retaliated against Mr. Felton by suspending and ultimately terminating him.

## NATURE OF THE CLAIMS

7. The unlawful discrimination and retaliation described herein was committed in violation of the Civil Rights Act of 1866, 42 U.S.C. § 1981, as amended by the Civil Rights Act of 1991 ("Section 1981"), and the New York State Human Rights Law, N.Y. Executive Law § 290 *et seq.* ("NYSHRL").

8. Mr. Felton filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on October 28, 2021. The Charge of Discrimination was cross-filed with the New York State Division of Human Rights.

9. Upon receipt of the Notice of Right to Sue from the EEOC, Mr. Felton intends to file an Amended Complaint alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e(k), *et seq.* ("Title VII").

## JURISDICTION & VENUE

10. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

11. The Court has supplemental jurisdiction over Plaintiff's related claims arising under the NYSHRL pursuant to 28 U.S.C. § 1367(a).

12. This action lies properly in the Northern District of New York, pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims herein occurred in the Northern District of New York.

## THE PARTIES

*Plaintiff Johnnie Felton*

13. Plaintiff Johnnie Felton is a Black man.

14. Mr. Felton worked for Plug Power from approximately August 2019 to July 2021.

15. Mr. Felton is a "person" entitled to "make and enforce contracts" pursuant to Section 1981(a)-(b).

16. At all times relevant, Mr. Felton was an "employee" within the meaning of the NYSHRL.

***Defendant Plug Power, Inc.***

17. Upon information and belief, Plug Power was and still is still a foreign business corporation.

18. Upon information and belief, Plug Power was and still is authorized to do business in the State of New York.

19. Upon information and belief, Plug Power was and still is doing business in the State of New York.

20. Upon information and belief, at all times hereinafter mentioned, Plug Power was and still is a "non-governmental" entity per Section 1981(c).

21. At all times relevant, Plug Power was and still is an "employer" within the meaning of the NYSHRL.

22. Upon information and belief, Plug Power maintains control, oversight, and direction over its operations and employment practices.

23. Upon information and belief, Plug Power's principal place of business was and still is 968 Albany Shaker Road, Latham, New York 12110.

**FACTUAL ALLEGATIONS**

24. In or about August 2019, Mr. Felton secured employment with Plug Power through a staffing agency as a Warehouse Associate.

25. As a Warehouse Associate, Mr. Felton reported directly to Tom O'Grady, Plug Power's Warehouse and Logistics Manager.

26. In or around January 2020, Mr. Felton became a direct employee of Plug Power. He was hired as Warehouse Supervisor.

27. Almost immediately thereafter, Mr. Felton was repeatedly and consistently subjected to racial harassment and discrimination.

28. Mr. Felton complained about the discrimination and harassment several times.

**Tom O'Grady's Racist Conduct**

29. Mr. O'Grady's racist feelings toward people of color was well known around the warehouse, and on several occasions, he made how he felt very clear.

30. For example, on one occasion, Mr. O'Grady said, "I'm not a racist, but you don't feel a certain way with a Black person [referring to Mr. Felton] running the warehouse?"

31. Mr. O'Grady often told his white colleagues, "Johnnie [Felton] is the Obama of the warehouse and you guys are his house niggers."

32. Mr. O'Grady referred to employees of Guyanese and Middle Eastern descent as "chimps" and "camels."

33. Mr. O'Grady stated he didn't like hiring Black people because if he needed "shit done, [he] didn't want to take a chance on them being lazy."

34. Despite several complaints to human resources, Mr. Felton's concerns of harassment went uninvestigated.

**Tom Rourke's Racist Conduct**

35. In or around July 2020, Tom Rourke was hired as Plug Power's Warehouse and Logistics Manager.

4

36. In his position, Mr. Rourke began hiring additional supervisors, taking away Mr. Felton's job duties as Warehouse Supervisor, and he consistently excluded Mr. Felton from supervisor meetings.

37. Mr. Rourke allowed Plug Power's warehouse employees to discriminate against and create a hostile work environment for Mr. Felton.

38. For example, Taylor Wilson, and John Colman, Plug Power warehouse associates, took Mr. Felton's paperwork off his desk and either destroyed it or threw it away. On one occasion, they placed a small stuffed monkey on Mr. Felton's desk.

39. On or about September 6, 2020, Mr. Felton received a voicemail from warehouse associate Michael Burnside. On the voicemail, Mr. Burnside said "Fuck you John, you brown piece of shit, scumbag."

40. Twice, Mr. Felton reported Mr. Burnside's conduct— once to Mr. Rourke and again to Brenda Morin, Plug Power's human resources representative.

41. Mr. Rourke and Ms. Morin listened to the voicemail and chose to disregard Mr. Felton's complaint.

42. On or about June 5, 2021, Mr. Felton requested that Mr. Wilson complete a task. In response, Mr. Wilson kicked over merchandise and said to Mr. Felton, "fuck you . . . go fuck yourself… fuck off," before storming off. The following day, after his exchange with Mr. Wilson, the warehouse was flooded with photographs of Mr. Felton.

43. The photographs were a close-up of Mr. Felton and were placed outside the warehouse, on power equipment, in the men's bathroom, the women's bathroom, the break room, hallways, garage doors, as well as other areas with a flat surface.

44. A photograph of Mr. Felton was attached to a toilet.



45. On another photograph, along the border, "ASSHOLE" was written.



46. Another photograph, was titled "Hang Lead." The photograph depicted a hangman with a noose and on the bottom border "N _ G G _ R" was written.



47. On or about June 15, 2021, Mr. Felton overheard Mr. Wilson bragging about how he damaged Mr. Felton's vehicle.

48. On or about June 16, 2021, after being told, Mr. Felton was going to write him up, Mr. Wilson again damaged Mr. Felton's vehicle.

49.

50. Once again, Mr. Felton complained, but Plug Power did nothing to stop the harassment.

*Plug Power Retaliated Against Mr. Felton*

51. Instead of investigating Mr. Felton's complaints, on or about June 22, 2021, Mr. Rourke attempted to pressure Mr. Felton into dropping his complaint regarding Mr. Wilson's vandalism.

52. Shortly thereafter, on or about June 29, Mr. Felton was suspended without any reason.

53. On July 2, Mr. Felton received a call from Mr. Rourke and Ms. Morin. During the call Mr. Felton was terminated without any reason.

## FIRST CAUSE OF ACTION
### Race Discrimination
### Section 1981 Violation

54. Plaintiff re-alleges and incorporates all allegations in all preceding paragraphs.

55. By the acts and practices described above, including but not limited to creating a hostile work environment for Plaintiff because of his race, Defendant impaired Plaintiff's right to make and enforce contracts in violation of Section 1981.

56. Plaintiff was subjected to discrimination because he is Black.

57. The harassment Plaintiff endured was severe or pervasive and altered the conditions of his employment.

58. Defendant knew or should have known of the discrimination and failed to remedy it.

59. Defendant is liable as a non-governmental entity pursuant to Section 1981(c).

60. Plaintiff is suffering and will continue to suffer irreparable injury because of Defendant's discriminatory acts.

61. Defendant acted intentionally and with malice and/or reckless indifference to Plaintiff's statutory rights.

## SECOND CAUSE OF ACTION
### Retaliation
### Section 1981 Violation

62. Plaintiff re-alleges and incorporate all allegations in all preceding paragraphs.

63. By the acts and practices described above, Defendant retaliated against Plaintiff and impaired his right to make and enforce contracts in violation of Section 1981.

64. Plaintiff's complaints constituted protected activities under Section 1981.

65. Plaintiff was subjected to materially adverse actions after he engaged in the above-described protected conduct.

66. Defendant subjected Plaintiff to the materially adverse actions because he engaged in protected activities under Section 1981.

67. Defendant is liable as a non-governmental entity pursuant to Section 1981(c).

68. Plaintiff is suffering and will continue to suffer irreparable injury and monetary damages because of Defendant's retaliatory acts.

69. Defendant acted intentionally and with malice and/or reckless indifference to Plaintiff's statutory rights.

70. As a direct, legal, and proximate result of the discrimination, Plaintiff has sustained, and will continue to sustain injury.

**THIRD CAUSE OF ACTION**
Race Discrimination
**NYSHRL Violation**

71. Plaintiff re-alleges and incorporates all allegations in all preceding paragraphs.

72. By the actions described above, among others, Defendant, through their own conduct including that of their agents, managers, supervisors and employees, intentionally treated Plaintiff less well than other employees because of his race in violation of the NYSHRL.

73. Defendant, through their own conduct including that of their agents, managers, supervisors and employees, intentionally subjected Plaintiff to inferior terms, conditions or privileges of employment because he is Black in violation the NYSHRL.

74. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the NYSHRL, Plaintiff has suffered and continues to suffer harm for which he is entitled to an award of monetary damages and other relief.

**FOURTH CAUSE OF ACTION**
Retaliation
**NYSHRL Violation**

75. Plaintiff re-alleges and incorporates all allegations in all preceding paragraphs.

76. By the actions described above, among others, Defendant, through their own conduct including that of their agents, managers, supervisors, and employees, took an adverse employment action against Plaintiff by suspending and then terminating him because of his complaints of racial discrimination, in violation of the NYSHRL.

77. As a direct and proximate result of Defendant's unlawful and retaliatory conduct in violation of the NYSHRL, Plaintiff has suffered and continue to suffer harm for which he is entitled to an award of monetary damages and other relief.

## JURY DEMAND

78. Plaintiff demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

Wherefore, Plaintiff demands that a judgment be entered in his favor and that the Court order and award Plaintiff the following relief against Defendant:

A. A declaratory judgment that the actions, conduct and practices of Defendant complained of herein violates federal and New York law.

B. An award of damages against Defendant, in an amount to be determined at trial, plus interest, to compensate for all non-monetary and/or compensatory damages, including, but not limited to, compensation for Plaintiff's emotional distress;

C. An award of punitive damages in an amount to be determined at trial;

D. Pre-judgment interest on all amounts due;

E. An award of Plaintiff's reasonable attorneys' fees and costs; and

F. Such other and further relief as the Court may deem just and proper.

Date: Melville, New York
July 24, 2023

Respectfully submitted,

s/ Troy L. Kessler
Troy L. Kessler (Bar Number: 702019)
Jocelyn Small (Bar Number: 704306)
*Attorneys for Plaintiff*
**KESSLER MATURA P.C.**
534 Broadhollow Road, Suite 275
Melville, NY 11747
Tel: (631) 499-9100
Fax: (631) 499-9120
tkessler@kesslermatura.com
jsmall@kesslermatura.com